HENRY M. BARROWCLIFFE, Respondent, *against* IRA M. HARRISON, IMPLEADED, &c., Appellant.

(Decided November 10th, 1880.)

Where, after levy of execution upon a judgment of a district court in the city of New York, the judgment is reversed on appeal, because an objection, taken at the trial, that the action was brought in the wrong district, was overruled,—which, under the district court act of 1857 (L. 1857, c. 344, § 45) "is cause only of reversal on appeal, and does not otherwise invalidate the judgment,"—no action can be maintained against the officer levying the execution as for a wrongful taking of the property levied on.

APPEAL from an order of the general term of the marine court of the city of New York, reversing a judgment of that court, entered upon a dismissal of the complaint at the trial, and directing a new trial.

The action was brought to recover damages for an alleged conversion of goods of the plaintiff. The defendant, Ira M. Harrison, had recovered a judgment in an action in the district court in the city of New York for the third judicial district, against the plaintiff and others, the defendants in that action. Upon appeal from the judgment, it was reversed, as it appeared from the evidence that the action had been brought in

the wrong district, and an objection on that ground, taken at the trial by the defendants, had been overruled. Before the reversal of the judgment, execution upon it had been issued, and levied upon the goods for the alleged wrongful taking of which this action was brought, against the marshal who had levied the execution, Louis McDermott, and against Harrison and William W. Snyder, his attorney in the action in the district court. The defendant Harrison appeared and answered; and at the trial in the marine court, the complaint was dismissed, and judgment for the defendant was entered. From this judgment the plaintiff appealed to the general term of the marine court, which reversed the judgment and ordered a new trial. From the order of the general term of the marine court, the defendant Harrison appealed to this court.

*L. Skidmore*, for appellant.—The cases of *Cornell* v. *Smith* (2 Sandf. 290), *Snyder* v. *Goodrich* (2 E. D. Smith, 84), and *Beattie* v. *Larkin* (Id. 244), holding judgments void because recovered in the wrong district, were decided under the former law (2 R. L. 379, § 103) repealed by the district court act (L. 1857, c. 344), the law now in force. The reversal did not render the judgment void *ab initio* (*Kissock* v. *Grant*, 34 Barb. 144; *Woodcock* v. *Bennet*, 1 Cow. 734; *Smith* v. *Allen*, 2 E. D. Smith, 259; *Simpson* v. *Hornbeck*, 3 Lans. 55). The statute embraces only those cases where the lack of jurisdiction,—*i. e.*, statutory authority,—of the justice is only developed by evidence on the trial; where the justice must determine the point of his own jurisdiction upon the evidence; and where consequently his judgment is by the statute declared valid and binding until reversed upon appeal (*Tiffany* v. *Gilbert*, 4 Barb. 321; approved, 12 Barb. 551; *Hard* v. *Shipman*, 6 Barb. 631; *King* v. *Poole*, 36 Barb. 242–249; *Colton* v. *Beardsley*, 38 Barb. 51, 52; *Queen* v. *Colton*, 1 Q. B. 73; *State* v. *Scott*, 1 Bailey [S. C.], 294; *Whittlesey* v. *Frantz*, 74 N. Y. 461; *Chapman* v. *Phenix Bank*, 5 Abb. N. C. 122; *Reno* v. *Pinder*, 20 N. Y. 301). The judgment was not void, but erroneous; and Harrison is therefore not responsible for anything done under the execution (*Williams* v. *Smith*, 14 C.

Barrowcliffe *v.* Harrison.

B. N. S. 625; *Landt* v. *Hilts*, 19 Barb. 283; *Hall* v. *Munger*, 5 Lans. 100; *De Forest* v. *Farley*, 62 N. Y. 628; *Hallock* v. *Dominy*, 69 N. Y. 240; *Hunt* v. *Hunt*, 72 N. Y. 228; *Royce* v. *Burt*, 42 Barb. 665). Plaintiff could have had an order for restitution inserted in the judgment on reversal (Code of Pro. § 330; *Coster* v. *Peters*, 7 Robt. 387; *Kennedy* v. *O'Brien*, 2 E. D. Smith, 41; *Cushing* v. *Vanderbilt*, 7 Daly, 512; *Isom* v. *Johns*, 2 Munf. 276). Independent of the statute of 1857, and by the principles of the common law, the appellant is not liable in this action (*Carratt* v. *Morley*, 1 Q. B. 28; *Lamoure* v. *Caryle*, 4 Denio, 370).

*E. P. Wilder*, for respondent.—The judgment of the district court was void for want of jurisdiction (L. 1857, c. 344, § 4; L. 1862, c. 484, §§ 22, 23; *McKee* v. *Oliver*, 2 Daly, 381). The objection to the jurisdiction having been duly taken in the manner pointed out by the statute, the respondent proceeded at his peril of a reversal, when he enforced his judgment by execution (L. 1856, c. 344, § 45, subd. 3; *Beattie* v. *Larkin*, 2 E. D. Smith, 244; *Chambers* v. *Clearwater*, 1 Abb. App. Dec. 343). The party who wrongfully recovers a judgment or instigates a process which is afterwards set aside, is a trespasser *ab initio* (*Kerr* v. *Mount*, 28 N. Y. 659, 665; *Lyon* v. *Yates*, 52 Barb. 237; *Mills* v. *Martin*, 19 Johns. 32; *Cable* v. *Cooper*, 15 Johns. 152, 157; *Davis* v. *Marshall*, 14 Barb. 96; *Bartlett* v. *Holmes*, 12 Hun, 402).

PER CURIAM.—Under the provisions of the district court act of 1857 (L. 1857, c. 344, § 45), an action in a district court in the city of New York must be dismissed when it is objected at the trial and appears by the evidence, that the action is brought in the wrong district; but if the objection be taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment. The judgment of the district court against the defendants in that court having been reversed because their objection that the action was brought in the wrong district had been overruled, the only effect of the reversal in respect to what had been done under the judgment

by levy of execution was the same as the reversal of any other judgment upon appeal under the statute, and no action could be maintained against the officer for a wrongful taking. The defendants' remedy was to obtain an order for restitution and demand the property taken under the execution, and if not returned to bring an action for its wrongful detention after the demand.

Judgment of the general term of the marine court reversed, and the judgment of the special term of that court affirmed.